## (July 23, 1980)

■ In the Matter of CITY OF LONG BEACH, Appellant, v ROBERT FLACKE, as Commissioner of the Department of Environmental Conservation, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to (1) review a determination by the respondent State Department of Environmental Conservation (hereinafter DEC) granting a permit to the respondent Roosevelt Field Water District (hereinafter RFWD) and (2) declare ECL 70-0109 (subd 2, par [a]) unconstitutional, petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, entered June 25, 1980, as, upon converting the proceeding to an action for a declaratory judgment, (a) adjudged that actual notification to the petitioner prior to the issuance of the subject permit was not required under ECL 70-0109 (subd 2, par [a]), (b) adjudged that ECL 70-0109 (subd 2, par [a]), as so interpreted, was not unconstitutional, and (c) adjudged that the issuance of the permit by DEC to RFWD on March 7, 1980 to deepen a well into the Lloyd Aquifer was "reasonable and proper and neither arbitrary nor capricious." Judgment modified, on the law, by deleting the fourth decretal paragraph thereof and substituting therefor a provision vacating the subject permit. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The matter is remitted to the DEC for a hearing in accordance herewith. The subject permit issued by the DEC to RFWD in March, 1980 was predicated upon an application by the Town Board of the Town of Hempstead on behalf of the RFWD which was accompanied by an engineer's report, and which was submitted in November, 1979. Essentially, the application demonstrated that due to contamination in the wells which had already been closed, there existed the probability of a severe water shortage in the district, which could only be resolved satisfactorily by granting the RFWD a permit to deepen an existing well from the Magothy

Aquifer to the Lloyd Aquifer, pursuant to ECL 15-1503. The Lloyd Aquifer is utilized by numerous municipalities on Long Island, and serves as the sole source of water supply for the appellant City of Long Beach. As a first step in processing the application of the RFWD, the DEC, on November 26, 1979, pursuant to ECL 70-0109 (subd 2, par [a]), mailed written notice to the RFWD stating that the application was complete. Further, pursuant to ECL 70-0109 (subd 2, par [a]), the DEC had the notice of application published on December 5, 1979 in the Environmental Notice Bulletin, and it was also published that day in *Newsday.* In response to the publication of the application, the Nassau County Department of Health wrote a letter to the State Department of Health (with copies to DEC and RFWD) on January 21, 1980 indicating that the engineer's report was remiss, *inter alia,* in (1) failing to fully explore other short term alternatives for additional water supply, and (2) failing to address the impact of the proposed permit on salt water intrusion into, or chemical contamination of, the Lloyd Aquifer. The letter of the Nassau County Department of Health also suggested several substantial conditions to be attached to the permit, in the event that adequate justification was ultimately demonstrated for the proposed project. At the time that this letter was sent by the Nassau County Department of Health to DEC, the latter still had four days (i.e., until Jan. 25, 1980) to decide whether to conduct a public hearing on the application by the RFWD. In this regard ECL 70-0119 (subd 1) provides that "After evaluating an application for a permit and any comments of * * * state agencies or units of government or members of the public, the department shall, on or before sixty calendar days after it mails notice to the applicant that the application is complete * * * determine whether or not to conduct a public hearing on the application". The same section also sets forth the criteria upon which the DEC must rely in determining whether to conduct a public hearing. Specifically, ECL 70-0119 (subd 1) provides as follows: "Such determination shall be based on whether the evaluation or comments raise substantive and significant issues relating to any findings or determinations the department is required to make pursuant to this chapter, including the reasonable likelihood that a permit applied for will be denied or can be granted only with major modifications to the project because the project as proposed may not meet statutory or regulatory criteria or standards; provided, however, where any comments received from members of the public or otherwise raise substantive and significant issues relating to the application and resolution of any such issue may result in denial of the permit or the imposition of significant conditions thereon, the department shall hold a public hearing on the application." Clearly, the letter of the Nassau County Department of Health dated January 21, 1980 raised "substantive and significant issues" relating to the application of the RFWD. Under these circumstances, it was arbitrary for the DEC to fail to comply with the mandate of the statute, and to issue a permit without allowing the public and all interested parties, including the City of Long Beach, an opportunity to present relevant testimony with respect to the application. Nor did the letter of the Department of Water of the Town of Hempstead, dated January 31, 1980, in response to the Nassau County Department of Health's letter, obviate the necessity for a public hearing. Apart from the fact that the letter of the Town of Hempstead was received by the DEC after January 25, 1980 (the last date that the DEC had to make a determination as to the necessity of a public hearing) it was completely self-serving and in no way eliminated the need for public input at a hearing to resolve the very serious questions raised by the Nassau County Department of Health. Accordingly,

the judgment appealed from must be modified, and the permit vacated. We have reviewed the remaining points raised by the City of Long Beach, and, with the exception of the issue of standing which was impliedly resolved in the city's favor at Special Term, find them to be without merit. Mollen, P. J., Lazer, Gibbons and O'Connor, JJ., concur.